UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


JAMES CAMPBELL,                          )
                                         )
              Plaintiff,                 )
                                         )    CASE NO. 1:03-cv-180-DFH-JMS
       v.                                )
                                         )
FRANK MILLER,                            )
                                         )
              Defendant.                 )


ENTRY ON DEFENDANT'S MOTION IN LIMINE


       Defendant Frank Miller has moved *in limine* for an order barring plaintiff

James Campbell from seeking an award of punitive damages in the second trial

of this action.  As explained below, the court grants the motion because the

punitive damages issue was resolved conclusively at the first trial and plaintiff did

not challenge that decision in the appeal.


       Defendant Miller is an Indianapolis police officer.  On June 14, 2002, he

arrested plaintiff Campbell for suspected possession of marijuana.  In the course

of the arrest, Officer Miller conducted a strip search that included a visual

inspection of Campbell's anal cavity.  Officer Miller carried out the strip search in

the back yard of a private home that was open to public view.  Campbell was never

prosecuted on any charge arising from the incident.  He filed this suit under 42 U.S.C. § 1983 for violations of his Fourth Amendment rights.

The case was tried to a jury in early 2006 before Judge Barker.  Before the case was submitted to the jury, plaintiff Campbell moved for judgment as a matter of law as to liability.  The court denied his motion.  The defense moved for judgment as a matter of law on the issue of punitive damages.  The court granted that motion, so the issue of punitive damages was not submitted to the jury.  The jury found for defendants Miller and the City of Indianapolis.  On appeal, the Seventh Circuit affirmed the judgment for the city but reversed as to Officer Miller, concluding that the district court should have granted plaintiff Campbell's motion for judgment as a matter of law as to liability.  *Campbell v. Miller*, 499 F.3d 711, 713 (7th Cir. 2007).  The Seventh Circuit remanded the claim against Miller "for further proceedings on damages."  *Id.* at 719.  By routine operation of Seventh Circuit Rule 36, the case has been reassigned to a different district judge for the new trial, which is scheduled for February 4, 2008.

Defendant Miller argues that Judge Barker's prior grant of judgment as a matter of law in his favor on the issue of punitive damages was not affected by the appeal, so that the issue has been conclusively resolved in his favor. Plaintiff appealed from the judgment in favor of the defendants, but his brief on appeal did not address the issue of punitive damages.  Instead, his brief attacked the question of liability as a matter of law, as well as a jury instruction and several

-2-

evidentiary rulings.  Defendant Miller argues that Campbell's failure to raise on appeal the district court's dismissal of punitive damages, which was available for review on appeal and was not raised, amounted to a waiver by plaintiff so that the earlier dismissal is the law of the case and cannot be reconsidered at the retrial. Plaintiff Campbell argues that the issue of punitive damages should be open during the retrial.

The "most elementary application" of the doctrine of the law of the case is that "when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court." *Creek v. Village of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998), quoting *Waid v. Merrill Area Public Schools*, 130 F.3d 1268, 1272 (7th Cir. 1997), citing in turn *Williams v. Commissioner*, 1 F.3d 502, 503 (7th Cir. 1993) (other citations omitted).  In this case the Seventh Circuit ordered "further proceedings on damages."  It did not expressly restrict those further proceedings to compensatory damages or exclude the possibility of punitive damages. However, the Seventh Circuit had no reason to address the issue of punitive damages.  Judge Barker had decided the issue in the district court, and plaintiff did not challenge that ruling in his appeal.

The Seventh Circuit has often observed that a failure to appeal a particular ruling or issue can amount to a waiver of that issue by even a successful appellant:  "If a final judgment had been entered, the case appealed, the judgment

reversed, and the case remanded, the trial judge would be required to adhere on remand to the rulings that he had made before the case was first appealed, provided of course that they had not been set aside by the appellate court.  Even more clearly would he be required – this is the most elementary application of the doctrine of law of the case – to comply with the rulings of the appellate court." *Roboserve, Inc. v. Kato Kagaku Co.*, 121 F.3d 1027, 1031 (7th Cir. 1997), quoting *Williams*, 1 F.3d at 503; accord, *Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003) (holding that plaintiff's failure to argue in earlier appeal that summary judgment for defendant on damages claim was binding in later stages of case, and thus the damages claim could not save case from mootness after claim for injunctive relief was no longer viable); *Schering Corp. v. Illinois Antibiotics Co.*, 89 F.3d 357, 358 (7th Cir. 1996) ("Under the doctrine of the law of the case, a ruling by the trial court, in an earlier stage of the case, that could have been but was not challenged on appeal is binding in subsequent stages of the case."), citing *Cowgill v. Raymark Industries, Inc.*, 832 F.2d 798, 802 (3d Cir. 1987); see also *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996) (holding that plaintiff had abandoned distinct claims for relief that he had not pursued in first appeal from adverse judgment and that district court exceeded scope of remand by addressing abandoned claim).

To support the proposition in *Williams v. Commissioner*, the Seventh Circuit cited *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987), which held that the doctrine of the law of the case barred an

attempt to revisit in a second appeal an issue that had not been raised in a first, partially successful appeal:

> Under law of the case doctrine, a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time. *Laffey v. Northwest Airlines, Inc.*, 740 F.2d 1071, 1089-93, 1102-03 (D.C. Cir. 1984); see also 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4478 (1981); 1B Moore's Federal Practice ¶ 0.404 [1] (2d ed. 1984). The doctrine encompasses a court's explicit decisions, as well as those issues decided by necessary implication. *Carpa, Inc. v. Ward Foods, Inc.*, 567 F.2d 1316, 1320 (5th Cir. 1978); see also 18 Wright, Miller & Cooper, *supra*, § 4478. The purpose of the doctrine is to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." 18 Wright, Miller & Cooper, *supra*, § 4478.

810 F.2d at 250. Similarly, in *Cowgill v. Raymark Industries*, cited by the Seventh Circuit in *Schering Corp.*, the Third Circuit explained that this rule for issues that could have been raised in an earlier appeal is "necessary to the orderly conduct of litigation" and that failure to follow it would produce the odd result "that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost." 832 F.2d at 802 n.2, quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981); see generally 18B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 4478.3, 4478.6 (2d ed. 2002).

The Seventh Circuit applied this general rule in *United States v. Morris*, 259 F.3d 894 (7th Cir. 2001), a criminal appeal in which the Seventh Circuit had

previously remanded for re-sentencing.  The issue in the second appeal was whether the defendant should have been allowed after the remand to raise a more basic issue:  whether his guilty plea had been knowing and voluntary.  Applying the general rule, the district court had held that the issue had been waived, but the Seventh Circuit reversed on that issue, providing the following background:

> When the district court addresses a case on remand, the "law of the case" generally requires it to confine its discussion to the issues remanded. See *United States v. Story*, 137 F.3d 518, 520 (7th Cir. 1998) ("Generally, under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'") (citations omitted); see also *United States v. Thomas*, 11 F.3d 732, 736 (7th Cir. 1993).  But see *United States v. Buckley*, 251 F.3d, 668, 669-70 (7th Cir. 2001) (stating that courts retain strictly limited discretion to revisit previously decided issues in some special circumstances); *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (listing special circumstances).  The law of the case doctrine, however, applies only to issues that have been resolved, generally leaving a district judge free to address issues that the appellate court left undecided.  See *Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000); *Aramony*, 166 F.3d at 661.  This power must be construed in harmony with our familiar exhortation that parties cannot use the accident of remand as an opportunity to reopen waived issues. See *United States v. Jackson*, 186 F.3d 836, 838 (7th Cir.1999) (citations omitted).  Therefore, on remand and in the absence of special circumstances, a district court may address only (1) the issues remanded, (2) issues arising for the first time on remand, or (3) issues that were timely raised before the district and/or appellate courts but which remain undecided.

259 F.3d at 898.  In *Morris*, the Seventh Circuit had not addressed the issue of the guilty plea in the first appeal.  In the second appeal, the Seventh Circuit concluded that the defendant had raised the issue sufficiently in his first appeal to avoid waiver, so that the district court had erred by refusing to consider it.  *Id.* at 898-99.

The punitive damages issue in this case does not appear to fit any of the three *Morris* categories of open issues.  First, although the Seventh Circuit remanded for a trial on "damages," nothing in the briefs indicated to the appellate court that plaintiff was challenging the decision to grant judgment as a matter of law on punitive damages.  Therefore there was no implicit decision to remand for fresh consideration of an issue that was never presented to the Seventh Circuit.  Second, the issue of punitive damages had arisen before this remand.  Third, although the issue of punitive damages was raised in a timely manner before the district court, it did not remain undecided.  Judge Barker granted judgment as a matter of law for the defense.

Plaintiff Campbell relies on cases stating the general rule that, upon a reversal and remand for further consistent proceedings, "the case goes back to the trial court and there stands for determination of the issues presented *as though they had not been determined before*, pursuant, of course, to the principles of law enunciated in the appellate court's opinion which must be taken as the law of the case at the new trial."  *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1207 (7th Cir. 1989), quoting *United States v. Iriarte*, 166 F.2d 800, 803 (1st Cir. 1948) (emphasis supplied in *Graefenhain*).  For example, in a second trial, the trial court would ordinarily be free to take a fresh look at routine evidentiary questions that would arise in the trial even if a similar issue arose during the first trial and even if (or especially when) those specific issues had not been presented to the court of appeals.

The reported cases cited by plaintiff are easily distinguishable from this case. In *Graefenhain*, an age discrimination case, the Seventh Circuit held that the district court upon remand could consider the post-judgment fact that the defendant employer had implemented a broad reduction in force by the time the district court decided the amount of front pay for victims of age discrimination. 870 F.2d at 1206-07. In a footnote closer to the situation presented in this case, the Seventh Circuit explained that where it had reinstated the jury verdict from the first trial, matters finally concluded in that first trial would not have been subject to reexamination. *Id.* at 1207 n.6. The Seventh Circuit then quoted the *Iriarte* case, in which the First Circuit held that it was permissible for the court to award greater compensatory damages to a property owner in a second trial than it had in a first trial after a successful appeal by the government in a property condemnation case. 166 F.2d at 803.

In opposition to the motion *in limine*, plaintiff has also cited an unpublished decision from the Tenth Circuit that is very closely on point. In *City of Hobbs v. Nutmeg Ins. Co.*, Nos. 99-2308 and 99-2318, 2000 WL 1763455 (10th Cir. Nov. 30, 2000), a city sued its liability insurer on a claim for breach of contract and bad faith, seeking both compensatory and punitive damages. At the close of the city's evidence in the first trial, the district court had granted judgment as a matter of law for the defendant on punitive damages. At the close of all the evidence, the district court had granted judgment as a matter of law to defendant on the issue of bad faith. In an appeal after the first trial, the Tenth Circuit reversed the

judgment for defendants and remanded for further proceedings, holding that the evidence could support a claim for bad faith.  *City of Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576 (10th Cir. 1998).

In the second trial, the insurer sought to exclude evidence of punitive damages on precisely the basis argued by Officer Miller in this case:  the plaintiff's failure to argue specifically in the first appeal that the ruling on punitive damages had been erroneous.  2000 WL 1763455, at *2-3.  The district court allowed the evidence, and the jury found bad faith and awarded both compensatory and punitive damages.  The Tenth Circuit affirmed the district court's handling of that issue:

> Nutmeg argues that the City is barred from even seeking punitive damages in this case because it failed to appeal the district court's ruling in the first bad faith trial that the City failed to establish a prima facie case for punitive damages.  We disagree.  In *Wheeler v. John Deere Co.*, 935 F.2d 1090 (10th Cir. 1991), we stated that:
>
>> To "reverse" a judgment means to overthrow, vacate, set aside, make void, annul, repeal or revoke it.  A judgment reversed by a higher court is without any validity, force, or effect, and ought never to have existed.  Reversal of a judgment and remand for a new trial places the parties in the same position, insofar as relief is concerned, as if the case had never been tried.
>
> *Id.* at 1096 (citations and quotations omitted).  On retrial, the issue of the availability of punitive damages was available.

2000 WL 1763455, at *3.  The Tenth Circuit affirmed the award of punitive damages in the second trial.

*City of Hobbs* is virtually on all fours with the issue now before this court, but it was an unpublished and non-precedential decision. It also did not explore the problem in any depth or address the weight of contrary authority, such as the cases cited above. The case that *City of Hobbs* cited on this point, *Wheeler v. John Deere Co.*, does not provide clear support for the result in *City of Hobbs* or for plaintiff's position in this case. In *Wheeler*, the first trial in a product liability case had resulted in a jury verdict for the plaintiff for $2.3 million. The defendant appealed and won a new trial, which resulted in a jury verdict for plaintiff for $1.96 million. In the second appeal, the Tenth Circuit affirmed the finding of liability. The plaintiff argued in the second appeal that he should be entitled to the larger $2.3 million verdict because the defendant had not challenged the amount of damages in the first appeal. The Tenth Circuit rejected that argument, concluding that the second jury was entitled to make its own decision about the amount of damages. 935 F.2d at 1096. That reasoning and the reasoning in *Iriarte* do not necessarily extend to a separate issue that had been resolved as a matter of law and that could have been challenged on appeal but was not.

In light of the Seventh Circuit authority discussed above, the court finds that it cannot follow the non-precedential decision in *City of Hobbs* and should treat the plaintiff's failure to challenge the decision on punitive damages in the first appeal as a waiver of that issue. Accordingly, the court grants the defendant's motion *in limine*. The issue of punitive damages has been resolved conclusively in this case and may not be raised in the second trial.

-10-

So ordered.

Date: January 3, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Lakshmi Hasanadka
LHASANAD@indygov.org

John F. Kautzman
jfk@rucklaw.com

Robb Minich
robbminich@hotmail.com

Michael Sutherlin
msutherlin@michaelsutherlin.com